**Otto Kraushaar, Appellee, v. Thomas Matthew and Blanche B. Matthew, Appellants.**

**Gen. No. 9,576.**

504

Opinion filed May 27, 1948. Released for publication June 22, 1948.

R. W. GILL, of Springfield, for appellants.

DU HADWAY & SUDDES, of Jerseyville, for appellee.

MR. PRESIDING JUSTICE WHEAT delivered the opinion of the court.

Plaintiff appellee, Otto Kraushaar, obtained a judgment in the sum of $1,943.58, upon verdict of a jury, against defendants appellants, Thomas Matthew and Blanche B. Matthew, for conversion of a one-half interest in a 1945 wheat crop.

For the purpose of this appeal the parties stipulated as to the facts and requested the court's ruling on certain points of law. No report of proceedings has been filed, so that the court is unable to consider the weight of the evidence as to disputed questions of fact, and the court must assume that the jury's verdict determined these in favor of the plaintiff.

The facts are that on December 14, 1942, one M. M. Baker, entered into a written lease with plaintiff for certain farm land in Jersey county, Illinois, for the term of one year beginning March 1, 1943. The lease provided that the landlord should receive one-half of the crops and further provided that if, at the time of the lease's expiration the lessee should have crops growing, then lessee could thereafter harvest the crops. This latter provision was expressly inserted for the purpose of permitting plaintiff to plant wheat in the fall of 1943 and to harvest it in the summer of 1944, after the expiration date of March 1. Wheat was so planted and harvested that year. On August 23, 1943, Baker agreed, in writing, to a one year extension of the lease, that is, from March 1, 1944, to March 1, 1945, under the same terms and conditions. In May 1944, Baker sold the premises to defendants with possession to be given March 1, 1945, and on August 25, 1944, Baker notified plaintiff, in writing, that the lease would not be renewed. Plaintiff planted about 165 acres of wheat in September 1944. He moved from the premises March 1, 1945, in accordance with the terms of the lease, and thereafter was refused entrance to the premises for the purpose of harvesting the crop, which was in fact harvested by defendants in July 1945, and sold for $3,544.96, no part of which was paid to plaintiff.

The stipulation of facts recites that defendant, Thomas Matthew, testified that in August 1944, he told plaintiff that he expected to farm the land during the year beginning March 1, 1945, and that plaintiff should

not put in any crop which would not mature prior to such date. One witness corroborated this conversation and plaintiff and his wife denied it. The jury evidently gave credit to plaintiff's denial and this court, in the absence of a report of proceedings, is unable to pass upon the weight of the conflicting testimony. The stipulation also recites that plaintiff testified to two conversations with defendant, Matthew, in August 1944, in which plaintiff was told to go ahead with his wheat planting. This was denied by defendants. Again, the court is unable to pass upon the weight of this testimony and must assume that the jury believed the testimony of plaintiff. This is also true as to plaintiff's testimony that on March 1, 1945, while moving, Matthew said there would be no trouble about harvesting the wheat, which statement is denied by defendants.

It is our view that the written lease, as extended, gave plaintiff the right to plant the wheat crop in the fall of 1944 and to harvest it in the summer of 1945, and this regardless of the testimony as to conversations between plaintiff and defendants. The cases cited by defendants have no application to a situation such as this wherein express agreement is contained in the lease.

As to questions of law submitted, our findings are as follows:

1. Did plaintiff have the right to put in said wheat crop in 1944, and to return after March 1, 1945, to harvest the crop when it matured?

Answer: Yes, under the express provision of his written lease, as extended.

2. When did plaintiff's right accrue to him?

Answer: On August 23, 1943, when Baker, then owner, in writing extended the existing written lease one year, which lease contained an express provision in regard to harvesting crops maturing after the termination of the lease. In addition to this, it was

within the province of the jury to believe the testimony of plaintiff that defendants, in August 1944, agreed to the planting of wheat, and about March 15, 1945, also said there would be no trouble about the harvesting of the wheat.

3. Was plaintiff's possession notice to defendants of plaintiff's rights?

Answer: Plaintiff's possession was notice to defendants that he had some rights. This is immaterial as paragraph 11 of the stipulation sets forth that in August 1944, defendants actually had possession of plaintiff's written lease.

4. Were such rights cut off by notice of August 25, 1944, from M. M. Baker?

Answer: No one, including M. M. Baker, could nullify the provisions of the written lease, as extended, which provided that plaintiff had the right after March 1, 1945, of entering the premises for the purpose of harvesting the wheat crop. Baker's written notice was effective solely to notify plaintiff that the lease could not be renewed for the year beginning March 1, 1945.

5. Were defendants guilty of conversion and selling the wheat crop and refusing to account to plaintiff for one-half thereof?

Answer: Yes, as a matter of law, and yes, as a matter of fact, as the jury passed on this matter on the basis of testimony which has not been preserved for review by report of proceedings.

In view of the foregoing, the judgment of the circuit court must be affirmed. Plaintiff appellee has moved to dismiss the appeal for various grounds which need not be considered in view of our conclusion. The judgment of the circuit court is affirmed. The cost of the abstract of the record, furnished by appellee, is assessed against the appellants.

*Affirmed.*